

FILED

SEP 4 2015

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DONNA M. HARRAH

        Plaintiff

CIVIL NO. 4:15cv95

v.

SPECIALIZED LOAN SERVICING, LLC.

    SERVE: Capital Corporate Services, Inc., Registered Agent
            10 S. Jefferson Street, Suite 1400
            Roanoke, VA 24011

        Defendant

## COMPLAINT

COMES NOW the Plaintiff, DONNA M. HARRAH, (hereafter "Plaintiff") by counsel, and for her complaint against Defendant Specialized Loan Servicing, LLC. ("SLS") she states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681s-2(b), of the Federal Fair Credit Reporting Act ("FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

3. The Plaintiff is a natural persons and resident of this District and of State of Virginia. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, Defendant, Specialized Loan Servicing LLC., is a corporation doing business in Virginia as a loan servicer.

## FACTS

5. Plaintiff owns and lives in a home in Carrollton, Virginia that was secured by two residential mortgage loans originally serviced by Bank of America. After Mrs. Harrah applied to Bank of America to modify those loans or for other relief, the bank failed to comply with its obligations in handling this request. This led to Mrs. Harrah's filing and prosecution of a previous lawsuit in this Court.

6. In the interim, the loan beneficiary and note holder of Plaintiff's second mortgage reassigned the loan servicing to SLS, which has never been the actual creditor, beneficiary or note holder of Plaintiff's loans.

7. Following the reassignment of servicing to SLS, Bank of America received approval from the loan beneficiary to settle Harrah's claims and otherwise reduce the principal on the second mortgage in consideration for the dismissal of the then-pending lawsuit. SLS agreed, as it was obligated to do, because it was merely the servicer on the second mortgage and itself had no ownership interest in the obligation.

8. The settlement required that Bank of America would "initiate the process with SLS to cause the Second Loan to be released and waived in accordance with this paragraph and has transmitted to SLS plaintiffs request that, in light of the resolution reflected in this Agreement, SLS seek the deletion of the Second Loan from the credit reporting to Equifax, Trans Union, and Experian about plaintiff."

9. Following the completion of this settlement, SLS was forced to and did abandon servicing and return the Second loan to the beneficiary with an agreed balance of zero.

10. Nevertheless, over the course of nearly a year and a half, SLS has inaccurately

reported the status of the second loan either as still owing or as charged off and in default.

11. Thereafter, Mrs. Harrah has made multiple credit reporting disputes to Equifax, Trans Union and Experian – the consumer reporting agencies to whom SLS reported – and in each instance, SLS has inaccurately responded and has refused to conduct the investigation otherwise required by the FCRA.

12. SLS was aware of this settlement, of the dispute as to whether any debt was itself owed and of the inaccuracy of reporting the debt as owing or as charged off in any future credit reporting.

13. Nevertheless, when on multiple occasions after the settlement, Plaintiff obtained a copy of her credit reports from each of the credit reporting agencies, SLS was still reporting to each agency that a balance of $456,878 was either still owing or was only not owing because it had been "charged off." SLS was also reporting that it had charged off the loan in 2012 and it refused to report that the account and the SLS reporting was disputed by Harrah. (Collectively the "SLS Inaccuracies").

14. The reporting of SLS was inaccurate. Plaintiff did not owe any monies to SLS. SLS was merely a loan servicer, the note balance reduction had been accepted by Harrah in lieu of other recovery in her previous lawsuit, the debt was never "charged off", let alone charged off in 2012, the reporting was incomplete as it failed to note the context and history of the account and the SLS reporting was certainly disputed.

15. When the Plaintiff learned of the SLS inaccuracies as a result of reviewing her credit reports, she made written disputes directly to Equifax, Experian and Trans Union on multiple occasions during the last two years.

16. In each instance, SLS did not investigate, did not note the account as disputed and continued its inaccurate reporting.

## COUNT ONE- VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. 1681s-2(b)(1)(A)

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18. On at least one occasion within the past two years, by example only and without limitation, SLS violated 15 U.S.C. 1681s-2(b)(1)(A) by failing to fully and properly investigate Mrs. Harrah's disputes.

19. Upon information and belief, Plaintiff alleges that on one or more occasions Equifax, Experian and Trans Union each forwarded Plaintiff's disputes to SLS. Upon information and belief, SLS was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

20. SLS received but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account status from the Plaintiff's credit file.

21. SLS had actual knowledge of the inaccuracies and deliberately chose to ignore and report same.

22. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Equifax, Experian and Trans Union prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate information.

23. As a result of SLS's violations of 15 U.S.C. 1681s-2(b)(1)(A), Mrs. Harrah suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

24. The violations by SLS were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, SLS was negligent, which entitles Mrs. Harrah to recovery under 15 U.S.C. §1681o.

25. The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorneys fees from SLS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27. On one or more occasions within the two years prior to the filing of this suit, SLS violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies when Mrs. Harrah's disputes were conveyed by them to SLS.

28. As a result of SLS' violation of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

29. SLS' conduct, actions and inactions were willful, rendering SLS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, SLS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

30. The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorneys fees from SLS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, SLS violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the SLS reporting to Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that the reported status of the debt was disputed and by failing to correctly report results of the SLS investigation to each and each other credit reporting agency.

33. As a result of SLS' violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

34. SLS' conduct, actions and inactions were willful, rendering SLS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, SLS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

35. The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorneys fees from SLS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Respectfully submitted,

DONNA M. HARRAH,

By _[signature]_
Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Email: lenbennett@clalegal.com
       srotkis@clalegal.com
(757) 930-3660
(757) 930-3662 facsimile